**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, ) | No. MC 12-08002-PHX-FJM |
| Petitioner, ) | **ORDER** |
| vs. ) |  |
| Gary S. Christensen, ) |  |
| Respondent. ) |  |

The court has before it petitioner's petition to enforce Internal Revenue Service summons (doc. 1), respondent's response (doc. 13), and petitioner's reply (doc. 15). A show cause hearing was held July 27, 2012. Respondent contends that a summons cannot properly be issued for a criminal investigation and that the demand for documents violates his Fifth Amendment right against self-incrimination.

The government establishes a prima facie case that it acted in good faith in issuing a summons when it shows the summons: (1) was issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the possession of the Internal Revenue Service ("IRS"); and (4) the required administrative steps have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). In 1978, the Supreme Court held that once the government establishs the Powell requirements, the party opposing the summons bears a heavy burden "to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." United States v. LaSalle Nat'l Bank,

1  437 U.S. 298, 316, 98 S. Ct. 2357, 2367 (1978).  Four years later, the statute authorizing the
2  IRS to issue a summons was amended.  The IRS may now issue a summons to investigate
3  "any offense connected with the administration or enforcement of the internal revenue laws."
4  26 U.S.C. § 7602(b).  Pursuant to this statute, the IRS can issue a summons for the sole
5  purpose of a criminal investigation.  United States v. Abrahams, 905 F.2d 1276, 1281 n.4
6  (9th Cir. 1990) (overruled on other grounds by United States v. Jose, 131 F.3d 1325 (9th Cir.
7  1997)); Scotty's Contracting & Stone, Inc. v. United States, 326 F.3d 785, 788 (6th Cir. 2003)
8  (joining the Second, Third, Eighth, Tenth, and Eleventh Circuits in finding summonses
9  issued for criminal investigation were valid).  The authority to issue a summons terminates
10 "if a Justice Department referral is in effect," which occurs when the Secretary of the
11 Treasury recommends a grand jury investigation or criminal prosecution to the Attorney
12 General or the Attorney General requests returns from the IRS.  26 U.S.C. § 7602(d)(2)(A).

13       The United States met its prima facie case, and therefore respondent had the "heavy"
14 burden to show, by specific facts and evidence, "that the IRS was proceeding in bad faith
15 with the improper purpose of gathering information for criminal prosecution." Jose, 131 F.3d
16 at 1328.  Respondent did not meet this burden.

17       IRS Special Agent Thomas Klepper submitted a declaration with the petition stating
18 that no Justice Department referral is in effect within the meaning of § 7602(d) with respect
19 to respondent (doc. 2 ¶ 22).  Upon examination at the hearing, he confirmed that no referral
20 has been made.  He has spoken about the case with his supervisors, but has not personally
21 decided whether the case should be referred.  Agent Klepper has not yet written his Special
22 Agent Report, which he testified would be the first step in a long process of making a
23 referral.  His testimony did not show that he is merely gathering evidence after having
24 decided to make a recommendation for prosecution.  See Crystal v. United States, 172 F.3d
25 1141, 1144 (9th Cir. 1999) (gathering evidence after referral decision would be in bad faith).
26 Nor is there an institutional posture to make a recommendation for prosecution.  There is no
27 evidence of bad faith or referral to the Department of Justice.  Therefore, the summons
28 should be enforced.

1  Respondent claims the act of producing documents will violate his Fifth Amendment
2  privilege against self-incrimination.  "According to this [act of production] doctrine, the
3  Self–Incrimination Clause may apply if the *act* of producing a document communicates
4  potentially incriminating information independent of the contents of the document." United
5  States v. O'Shea, 662 F. Supp. 2d 535, 544 (S.D. W. Va. 2009) (emphasis in original).
6  However, when a summons seeks records of an entity, the agent who holds the records
7  cannot claim a Fifth Amendment privilege.  "[T]he custodian of corporate or entity records
8  holds those documents in a representative rather than a personal capacity."  Braswell v.
9  United States, 487 U.S. 99, 109-10, 108 S. Ct. 2284, 2291 (1988).  "The collective entity rule
10 provides that an individual is not permitted to invoke a Fifth Amendment privilege with
11 respect to records of a collective entity, such as a corporation."  In re Grand Jury Subpoena,
12 Dated April 18, 2003, 383 F.3d 905, 909 n.1 (9th Cir. 2004).  This is true "even if the records
13 *or the act of producing them* might incriminate him personally."  United States v. Blackman,
14 72 F.3d 1418, 1427 (9th Cir. 1995) (emphasis in original).  The taxpayer bears the burden
15 of showing that documents are privileged.  United States v. Bright, 596 F.3d 683, 691 (9th
16 Cir. 2010).
17 Respondent has not met this burden with regard to documents from his various entities.  The
18 Fifth Amendment privilege does not bar respondent from having to produce documents from
19 the entities described in the summons.

20  The government recognizes that respondent may be able to assert a Fifth Amendment
21 privilege as to certain personal documents and records.  The proper procedure for asserting
22 this privilege is to appear at the time and place designated and raise the privilege in response
23 to specific questions or requests for production.  At that time, respondent may then file a
24 motion with the court and a privilege log for in camera review.

25  **IT IS ORDERED GRANTING** petitioner's petition to enforce Internal Revenue
26 Service summons (doc. 1).

27  **IT IS FURTHER ORDERED** that within 10 days of the entry of this order the
28 parties confer and schedule a mutually agreeable time and location for respondent to appear,

1 testify, and produce documents required by the summons before Agent Klepper or any other
2 proper employee of the IRS no later than 30 days from the date of this order.
3   DATED this 30th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge