**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,            ) | No. MC-12-8002-PCT-FJM |
|                              )  |  |
|     Petitioner,      ) | **ORDER** |
|                              )  |  |
| vs.                           ) |  |
|                              )  |  |
| Gary S. Christensen,          ) |  |
|                              )  |  |
|     Respondent.      ) |  |
|                              )  |  |

On December 11, 2012, Respondent was held in contempt of court for refusing to comply with our order enforcing an IRS summons. He is now incarcerated. On December 14, 2012, the government filed a status report (Doc. 30) regarding respondent's effort to purge the finding of contempt. The government reports that respondent now states that he is unable to produce many of the documents required by summons. Respondent filed a response to the status report (Doc. 31) arguing that his sworn declaration that he has no additional documents should be sufficient to purge the contempt order. We disagree.

Respondent has the burden of demonstrating a present inability to produce the requested documents. United States v. Rylander, 460 U.S. 752, 757 (1983); United States v. Bright, 596 F.3d 683, 695 (9th Cir. 2010). He must introduce credible evidence that he has made "all reasonable efforts to comply." United States v. Hayes, 722 F.2d 723, 725 (11th Cir. 1984). For example, did the documents ever exist? In so, where are they now?

Have they been destroyed? If so, when and by whom? And so forth. In the absence of corroborating evidence, we need not credit respondent's declaration that documents named in the summons do not exist. <u>Bright</u>, 596 F.3d at 695 (citing <u>Maggio v. Zeitz</u>, 333 U.S. 56, 75-76 (1948)).

**IT IS ORDERED** that the government will file a reply no later than Thursday, December 20, 2012. **IT IS FURTHER ORDERED** that Respondent shall file a sur-response addressing his present inability to comply no later than Thursday, December 20, 2012. Finally, **IT IS ORDERED** that the parties will appear for a hearing on purgation of the contempt order on Friday, December 21, 2012, at 9:30 a.m. Respondent should come prepared to either produce the requested documents or produce credible evidence establishing his present inability to comply. Counsel for the United States should come prepared to cross examine the respondent.

DATED this 18th day of December, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge